UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE SOLEE,<br><br>               Plaintiff(s),<br><br>   v.<br><br>BRE/HC LAS VEGAS PROPERTY HOLDINGS, LLC, et al.,<br><br>               Defendant(s). | Case No. 2:18-CV-2350 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Wayne Solee's motion to remand. (ECF No. 23). Defendants GMRI, Inc. ("GMRI") and BRE/HC Las Vegas Property Holdings, LLC ("BRE") filed a response. (ECF Nos. 26, 29). Solee did not file a reply and the time to do so has passed.

Also before the court is GMRI's motion to dismiss. (ECF No. 3). Solee filed a response. (ECF No. 11). GMRI did not file a reply and the time to do so has passed.

**I.    Facts**

This action arises from a trip and fall that occurred in a parking lot adjacent to a Bahama Breeze restaurant located at 375 Hughes Center Drive, Las Vegas, Nevada 89109. (ECF No. 3-2). The amended complaint contains the following allegations:

On June 28, 2016, Solee was returning to his vehicle in the parking lot adjacent to Bahama Breeze. (ECF No. 1-1). Solee inadvertently stepped into a sinkhole, fell, and hit his head on a cement curb. *Id*. At the time of the incident, BRE owned the parking lot and leased the premises to GMRI. *Id*. Neither defendants displayed warning signs of the parking lot's dangerous condition. *Id*.

**James C. Mahan**
**U.S. District Judge**

On August 8, 2017, Solee initiated this personal injury action in Nevada state court against BRE. (ECF No. 3-2). On August 29, 2018, in response to Solee's request for production of documents, BRE disclosed contracts showing that GMRI was the lessee of the parking lot. (ECF No. 11-4). On October 30, 2018, Solee filed a motion for leave to amend pursuant to Nevada Rule of Civil Procedure ("NRCP") 15(a). (ECF No. 11-6). Three weeks later, the state court granted the motion, holding that Solee had shown good cause. (ECF No. 11-8).

On December 11, 2018, GMRI removed this action to federal court. (ECF No. 1). Now, Solee moves to remand this case to state court. (ECF No. 3). GMRI also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3).

**II.     Legal Standard**

*a. Remand*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

      b.  *Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

*Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Two motions are pending before the court. First, the court will deny Solee's motion to remand because Solee did not file the motion to remand within thirty days after removal. Second, the court will deny GMRI's motion to dismiss because the statute of limitations does not bar Solee's claims against GMRI.

*a. Remand*

"A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." 28 U.S.C. § 1447(c). Solee filed his motion to remand over four months after GMRI removed this action to federal court and Solee is not moving to remand for lack of subject matter jurisdiction. *See* (ECF No. 23). Therefore, the court will deny Solee's motion to remand for having been untimely filed.

*b. Failure to state a claim*

GMRI argues that the statute of limitations bars Solee's claims against GMRI because the amended complaint does not relate back to the original complaint. (ECF No. 3). The court disagrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)

(alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). In diversity actions, federal courts generally apply state statutes related to the commencement and tolling of statutes of limitations. *Lindley v. General Elec. Co.*, 780 F.2d 797, 799–801 (9th Cir. 1986); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745–46 (1980).

NRS 11.190(4)(e) sets forth a two-year limitations period for personal injury claims. Nev. Rev. Stat. 11.190(4)(e); *Stalk v. Mushkin*, 199 P.3d 838, 841 n.1 (Nev. 2009). Solee allegedly sustained his injuries on June 28, 2016. (ECF No. 3-2). Within two years, on August 8, 2017, Solee initiated this action. *Id.* Thus, the only remaining question regarding the plausibility of Solee's claims against GMRI is whether the amended complaint relates back to the original complaint.

Solee filed the amended complaint pursuant to NRCP 15, which provides that an amended pleading relates back to the original complaint when:

> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
> (2) the amendment changes a party or the naming of a party against whom a claim is asserted, if Rule 15(c)(1) is satisfied and if, within the period provided by Rule 4(e) for serving the summons and complaint, the party to be brought in by amendment:
>   (A) received such notice of the action that it will not be prejudiced in defending on the merits; and
>   (B) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Nev. R. Civ. P. 15(c)(1)–(2).

Solee claims against GMRI arise from the same occurrence that Solee alleged in the original complaint—the June 28, 2016, trip and fall incident. *See* (ECF Nos. 1-1, 3-2). GMRI received notice of Solee's claims when Solee initiated this action against BRE because the lease agreement between GMRI and BRE created a unity of interest. *Costello v. Casler*, 254 P.3d 631, 635 (Nev. 2011) ("Courts are particularly amendable to imputing notice and knowledge the new and original defendants share an 'identity of interest.'"); *see also Echols v. Summa Corp.*, 601 P.2d 716, 722 (Nev. 1979).

As for NRCP 15(c)(2)(B), the original complaint alleges that Solee tripped and fell by stepping into a sinkhole in the parking lot adjacent to Bahama Breeze. (ECF No. 3-2). These allegations indicate that Solee's injury involved the parking lot located at 375 Hughes Center Drive, Las Vegas, Nevada 89109. GMRI, as the lessee of the parking lot, should have read the original complaint and understood that Solee would have named GMRI as a defendant but for his mistake concerning the proper party's identity.

In consideration of the foregoing, Solee's claims against GMRI in the amended complaint relate back to the original complaint. Because Solee timely initiated this action, the statute of limitations does not bar Solee's claims against GMRI.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that GMRI's motion to dismiss (ECF No. 3) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Solee's motion to remand (ECF No. 23) be, and the same hereby is, DENIED.

DATED May 16, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**